**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Michael Alexander and Patrizia Davis,

    Plaintiffs,

                              Civil Case No. 21-cv-0902 (PJS/HB)

    v.                        **FIRST AMENDED COMPLAINT**

Olson Property Investments, LLC,

    Defendant.

Plaintiffs Michael Alexander and Patrizia Davis bring this action against Olson Property Investments for violation of the Fair Housing Act, 42 U.S.C. §3604, §3617, and the Minnesota Human Rights Act, Minn. Stat. §363.03, et. seq. Plaintiffs bring this action under the federal Fair Housing Act and the Minnesota Human Rights Act to redress unlawful housing policies and practices by Defendants including discrimination in the terms, conditions, and privileges of the rental of a dwelling and furnishing of facilities and services in connect threrewith as well as interference, coercion, or intimidation against Plaintiffs for their enforcement of their fair housing rights based upon race and disability.

Plaintiffs, as and for their claims for relief against Defendant Olson Properties, state as follows:

**PARTIES**

1. Plaintiff Michael Alexander (Alexander) is an African American man and is a resident of Dakota County Minnesota. At all material times he resided at 305 8th Street, Unit 3, in Farmington, Minnesota.

2. Plaintiff Patrizia Davis (Davis) is an African American woman and is a resident of Dakota County Minnesota. At all material times she resided at 305 8th Street, Unit 3, in Farmington, Minnesota.

3. Defendant Olson Property Investments, LLC, (Olson Property) is a limited liability company registered to do business in Minnesota. Its principal executive office address is located at 1585 Thomas Center Drive, Unit 101 in Eagan Minnesota. Its registered office address is 1770 Beecher Drive, in Eagan. Both addresses are located in Dakota County.

4. Defendant is the owner of the property located at 305 8th Street in Farmington.

5. Tarryl Olson and Heide Olson are co-founders of Olson Property Investments. The manager of the company is identified as Heide Lidstrom-Olson.

6. Stephanie Reis is Director of Operations and Tim Reis is Director of Maintenance at Olson Property Investments.

7. Plaintiffs' claims arose in Dakota County so venue is therefore proper in Dakota County District Court.

## JURISDICTION

8. This Court has Jurisdiction over the federal question and violations of federal law alleged herein under 28 U.S.C. § 1331.

9. This Court has jurisdiction over plaintiff's fair housing claim under 42 U.S.C. § 3613 and 28 U.S.C. § 1331.

10. This Court has jurisdiction over subsequent court filings in state court under 28 U.S.C. § 1443.

11. Plaintiff's claims arise in the State of Minnesota, so venue lies in this District Court pursuant to 28 U.S.C. §1391.

## DISCRIMINATORY CONDUCT

12. Plaintiff Alexander has a disability and receives a housing subsidy though Guild Supportive Housing. Guild provides housing and employment services to individuals living with mental illness and/or experiencing chronic homelessness.

13. Plaintiff Davis has a disability and receives disability income. She does not have supportive services.

14. Both Alexander and Davis are African American.

15. Defendant Olson Property bought the rental property subject to Plaintiffs' lease. Olson receives direct payments from Guild on behalf of Alexander.

16. In March 2020 Alexander reported that the heat in the unit was inadequate. He reported that the oven did not work. He also reported that the electrical system has a problem. The circuit often trips causing no electricity to approximately one half of the unit. A switch on the circuit breaker must be flipped to restore power. The box is located within another unit at the property occupied by another tenant which makes it inaccessible if that tenant is not home or does respond to Alexander's request to flip the switch. Olson Property did not respond to these requests for repairs.

17. In March 2020, Alexander complained about a neighbor who had called him racist names.

18. On March 19, 2020, Stephanie Reis texted Davis. She told them that if they were unhappy that they should move. Stephanie Reis came to the property. Alexander told her that it was the responsibility of Olson Property to make repairs and address the

racial harassment. While Alexander and Stephanie Reis were talking Davis suffered a medical emergency. An ambulance came to the property. Police also came to the property. Davis explained that this medical event was due to the stress of situation..

19. Stephanie Reis informed Alexander that if the police came to the property again "you are out of here."

20. Alexander continued to report the repair problems in April and May. Olson Properties responded by disputing that Alexander had mowed the lawn and alleged late payment of rent.

21. Alexander sent multiple text messages to the cell phone of Stephanie Reis stating that he was enforcing his rights to be free from discrimination and harassment. He stated he would use the legal system to enforce his rights. He made complaints about his treatment as well as the repair issues.

22. On May 30, 2020, Olson Properties sent Alexander and Davis and notice of non-renewal of lease. It was sent by Stephanie Reis and Tarryl Olson. It instructed Alexander and Davis to move by July 31, 2020.

23. Alexander sent multiple text messages to Olson challenging the legality of the notice under the eviction moratorium. He also stated he and Davis were being discriminated against and that he was going to consult a lawyer and file a case. Davis told Stephanie Reis that Alexander had been called racist names by a neighbor.

24. Stephanie Reis responded by describing these as threats and directed Alexander to the Olson Property phone number. She told him not to text her cell phone.

25. Alexander continued to text Stephanie Reis explaining that there was a global pandemic, he feared for his life, that Davis had suffered a medical emergency due to the stress of the situation and that he was afraid of the police.

26. Based upon these messages Stephanie Reis and Tarryl Olson filed Petitions for Harassment Restraining Orders (HROs) against Alexander. The court issued temporary orders.

27. Alexander did not consult with an attorney and did not know he could request a hearing. After 20 days the Orders became final.

28. In August, Olson Properties filed an eviction. The court found that the eviction action did not meet the exceptions in the EO 20-79 (endangering people or property) and did not set the matter for hearing. Olson Properties appealed the ruling and lost.

29. Guild Supportive Housing continued to pay rental assistance on behalf of Alexander.

30. On or about October 20, 2020, the heat in the unit stopped working. Davis contacted the owner to report the problem.

31. On October 21, 2020, at approximately 10:00 p.m., four Eagan police showed up to arrest Alexander for violating the HRO. Earlier in the day, officers from the Farmington Police Department came to the property and interviewed Mr. Alexander. They declined to arrest Mr. Alexander for an alleged violation of the HRO.

32. Alexander was taken into detention and spent the next 15 hours in jail.

33. The heat to the unit continues to be inadequate. The oven does not work properly. The electrical system in the unit is old and unreliable.

34. Alexander and Davis continue to live in substandard conditions with no redress and constant threat of police involvement.

35. On September 13, 2021, Defendant filed an eviction case against Plaintiffs. Allegations in that complaint include the above-mentioned facts. Specifically alleged in the complaint as a basis for the eviction is a text from Alexander which reads "[Y]ou racially hollered at her to also cause bodily harm to [M]iss Davis you started it we will finish it". Plaintiffs' complaints about race discrimination are embodied in the eviction complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR HOUSING LAW

1. Plaintiffs restate and reallege the allegations contained herein above

2. The conduct of Defendant constitutes an unfair discriminatory practice, in violation of 42 U.S.C. §3604(b), in that Defendant has attempted to terminate Plaintiffs' housing and otherwise sought to make unavailable and to deny housing on account race and disability.

3. The conduct of Defendant also constitutes an unfair discriminatory practice in violation of 42 U.S.C. §3604(a) in that Defendant has discriminated against Plaintiffs in the terms, conditions and privileges of the rental of a dwelling, and the furnishing of facilities and services in connection therewith, because of Plaintiffs' race and/or disabilities.

4. The conduct of Defendant further constitutes an unlawful practice in violation of 42 U.S.C. §3617 in that Defendants have retaliated against Plaintiffs and otherwise coerced, intimidated, threatened, and interfered with Plaintiffs concerning Plaintiffs' exercise and enjoyment of their rights under the Fair Housing Act.

5. By reason of Defendant's violations of the Fair Housing Act, Plaintiffs are entitled to recover actual damages as they show themselves to have sustained and the trier of

fact shall find, their expense of suit including a reasonable attorney's fees, and an injunction enjoining Defendants from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF STATE HUMAN RIGHTS ACT

6. Plaintiffs restate and reallege the allegations contained herein above.

7. The conduct of Defendants constitutes an unfair discriminatory practice, in violation of Minn. Stat. §363A.09, in that Defendant has attempted to terminate Plaintiffs' housing and otherwise sought to make unavailable and to deny housing on account race and disability.

8. The conduct of Defendant also constitutes an unfair discriminatory practice in violation of Minn. Stat. §363.03A in that Defendant has discriminated against Plaintiffs in the terms, conditions, and privileges of the rental of a dwelling, and the furnishing of facilities and services in connection therewith, because of Plaintiffs' race and/or disabilities.

9. The conduct of Defendant further constitutes an unlawful practice in violation of Minn. Stat. §363A.09 in that Defendants have retaliated against Plaintiffs and otherwise coerced, intimidated, threatened and interfered with Plaintiffs concerning Plaintiffs' exercise and enjoyment of their rights under the Human Rights Act.

10. By reason of Defendant's violations of the Human Rights Act, Plaintiffs are entitled to recover actual damages as they show themselves to have sustained and the trier of fact shall find, their expense of suit including a reasonable attorney's fees, and an injunction enjoining Defendants from engaging in such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATION OF TENANTS RIGHT TO POLICE OR EMERGENCY ASSISTANCE

11. Plaintiffs restate and reallege the allegations contained herein above

12. Defendant's instructions not to contact police or ambulance limited Plaintiff's right to seek police and emergency assistance.

13. Defendant's notice of non-renewal of lease immediately after Plaintiffs' calls for police and emergency assistance is a penalty.

14. Plaintiffs were harmed by the instruction and penalty after their seeking an ambulance for medical help.

## FOURTH CAUSE OF ACTION
## INTERFERENCE, COERCION, INTIMIDATION IN EXERCISE OF RIGHTS

15. Plaintiffs restate and reallege the allegations contained herein above.

16. The conduct of Defendant also constitutes coercion, intimidation, threats or interference with Plaintiffs' attempts to exercise their rights under the fair housing laws in violation of 42 U.S.C. §3617.

17. Defendant has filed an additional eviction complaint attempting to dispossess Plaintiffs of their housing on the basis of race and disability during the pendency of the fair housing case. Defendants cite Plaintiffs' fair housing complaints as a basis for the eviction action.

18. Plaintiffs have been harmed by the filing of the eviction complaint.

## RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. Adjudging that Defendant has engaged in the violation of laws as set forth herein,

B. Awarding to Plaintiffs damages

C. Enjoining Defendants from engaging in unlawful conduct in the future.

D. Granting Attorney Fees to Plaintiff

E. Granting Plaintiffs such other further relief as the court may deem just and appropriate.

| | |
|---|---|
| Dated: 10/14/2021 | SOUTHERN MINNESOTA REGIONAL LEGAL SERVICES, INC. |

  /s/Laura Jelinek
Laura Jelinek (0258659)
Lisa Hollingsworth (0286163)
55 E. 5th Street, #400
St. Paul, MN 55101
651/222-5863