UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL ALEXANDER and PATRIZIA DAVIS, | Case No. 21-CV-0902 (PJS/HB) |
| Plaintiffs, | |
| v. | ORDER |
| OLSON PROPERTY INVESTMENTS, LLC, | |
| Defendant. | |

Laura Jelinek and Lisa Hollingsworth, SOUTHERN MINNESOTA REGIONAL LEGAL SERVICES, for plaintiffs.

Christopher Kalla and Douglass Turner, HANBERY & TURNER, P.A., for defendant.

Plaintiffs Michael Alexander and Patrizia Davis live in a rental property owned by defendant Olson Property Investments, LLC ("Olson"). Following nearly a year of conflict between the parties—during which Olson notified Alexander and Davis that it did not intend to renew their lease and subsequently filed an eviction action against them—Alexander and Davis brought this lawsuit on March 26, 2021,[1] asserting violations of the Fair Housing Act ("FHA") and state law. Specifically, Alexander and Davis allege that Olson discriminated against them on the basis of race and disability,

---

[1] Plaintiffs initiated this action in state court. *See* ECF No. 1-1. Defendant removed the action to this Court on March 31, 2021. *See* ECF No. 1. Plaintiffs filed an amended complaint in this Court on October 14, 2021. *See* ECF No. 20.

violated their right to emergency assistance, and retaliated against them in response to their assertion of their rights under the FHA.

This matter is before the Court on Olson's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[2] The Court held a hearing on December 27, 2021. For the reasons stated on the record at the hearing, the Court grants in part and denies in part Olson's motion. Specifically, Olson's motion is granted with respect to Alexander and Davis's race- and disability-discrimination claims because the amended complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But Alexander and Davis have alleged sufficient facts to state facially plausible claims of unlawful retaliation and violation of their right to emergency services.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for judgment on the pleadings [ECF No. 25] is GRANTED IN PART AND DENIED IN PART as follows:

---

[2]Defendant incorrectly refers to its motion as one for dismissal. This mislabeling does not affect the Court's ruling on the motion, however, because "a Rule 12(c) motion for judgment on the pleadings is [generally] reviewed under the same standard as a 12(b)(6) motion to dismiss." *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

1. Defendant's motion is GRANTED with respect to Counts One and Two of plaintiffs' First Amended Complaint [ECF No. 20] insofar as those claims are based on race or disability discrimination.  Those claims are DISMISSED WITHOUT PREJUDICE.

2. Defendant's motion is DENIED with respect to plaintiffs' retaliation and emergency-services claims.


Dated:  December 27, 2021            s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge